UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FLORENCE WALKER,

**17 CIV.**

                                        Plaintiff,

              -against-

**COMPLAINT**

Dr. CROSLEY ODELL OFFICER, CORRECTION
OFFICER ARRINGTON, and  SERGEANT
RICHMOND,,

**JURY TRIAL DEMANDED**

                                        Defendants.

**ECF CASE**

------------------------------------------------------------------------ X

       Plaintiff FLORENCE WALKER, by her attorneys, Jacobs & Hazan, LLP, complaining

of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.  FLORENCE  WALKER  ("Plaintiff")  brings  this  action  for  injuries  caused

when she was physically assaulted and subjected to the use of force by defendant Dr. Crosley

Odell, a doctor employed by the New York State Department of Corrections and Community

Supervision at the Taconic Correctional Facility where he was responsible for providing medical

treatment  to  the  prisoners  at  that  facility,  on  October  20,  2014,  November  26,  2014,  and

D3cember 1, 2014-  three distinct occasions..

       2.  Plaintiff  further  brings  this  action  for  compensatory  damages,  punitive

damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of

her civil rights, as said rights are secured by said statutes and the Constitutions of the State of

New York and the United States.

## JURISDICTION

3.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4), 1343(a)(3)-(4) and 1367(a) and the aforementioned statutory and constitutional provisions.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## JURY DEMAND

6.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7.  Plaintiff  FLORENCE WALKER is a citizen of the United States and at all relevant times hereto was a prisoner at the Taconic Correctional Facility, in the custody of the New York State Department of Corrections and Community Supervision

8.  Defendant DR. CROSLEY ODELL, is and was at all relevant times hereto, a medical provider, medical doctor, employee, and agent of the New York State Department of Corrections and Community Supervision.

9.   Defendant DR. CROSLEY ODELL is and was at all times relevant herein, assigned to the Taconic Correctional Facility, located at 250n Harris Road, Bedford Hills, New York 10507.

10. Defendant DR. CROSLEY ODELL is being sued in his individual and official capacity.

11. Defendant CORRECTION OFFICER ARRINGTON, is and was at all relevant times hereto, a officer, employee, and agent of the New York State Department of Corrections and Community Supervision.

12. Defendant CORRECTION OFFICER ARRINGTON is and was at all times relevant herein, assigned to the Taconic Correctional Facility, located at 250n Harris Road, Bedford Hills, New York 10507.

13. Defendant CORRECTION OFFICER ARRINGTON is being sued in his individual and official capacity.

14. Defendant SERGEANT RICHMOND, is and was at all relevant times hereto, a officer, employee, and agent of the New York State Department of Corrections and Community Supervision.

15. Defendant SERGEANT RICHMOND  is and was at all times relevant herein, assigned to the Taconic Correctional Facility, located at 250n Harris Road, Bedford Hills, New York 10507.

16. Defendant SERGEANT RICHMOND is being sued in his individual and official capacity.

17. At all times relevant hereto, defendants were officers, medical doctors and agents within the New York State Department of Corrections prison system and assigned to the Taconic Correctional Facility, acting in their capacity as agents, servants, and employees of the State of New York, within the scope of his employment as such, and acting under color of state law.

18. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

19. Each and all of the acts of the defendant alleged herein, was done by said defendant while acting within the scope of his employment with the New York State Department of Corrections and Community Supervision.

20. Each and all of the acts of the defendant alleged herein, were done by said defendant while acting in furtherance of his employment with New York State and the New York State Department of Corrections and Community Supervision..

## STATEMENT OF FACTS

21. Plaintiff Florence Walker was sexually harassed, sexually assaulted, and sexually abused by defendant Dr. Crosley Odell on October 20, 2014, November  26, 2014, and December 1, 2014 inside of Dr. Crosley Odell's examining room located on the third floor in the medical clinic  at `the Taconic Correctional Facility, 250 Harris Road, Bedford Hills, New York 10507.

22. On or about October 20, 2014, plaintiff Florence Walker went to the medical clinic located on the third floor of the Taconic Correctional Facility to receive medical treatment for pain in her side, and to obtain medical advice regarding blood pressure medication she had recently begun taking.

23. Plaintiff  was seen by defendant Dr. Crosley Odell in the medical clinic on October 20, 2014.

24. Dr. Crosley Odell instructed plaintiff to lay on the examining table and plaintiff complied.

25. Dr. Crosley Odell proceeded to lift up plaintiff's blouse and applied pressure to plaintiff's right and left side of her stomach area with his hands.

26. Then, Dr. Crosley Odell proceeded to sexually assault plaintiff by touching her right breast inappropriately and for absolutely no medical purpose.

27. Prior  to sexually assaulting plaintiff, Dr. Crossley Odell closed the door to the examination room and conducted the physical examination of plaintiff and sexually assaulted plaintiff without a nurse present in the room.

28. Plaintiff Florence Walker reported the sexual assault that occurred on October 20, 2014 to several agencies and organizations, including but not limited to defendants Correction Officer Arrington and Sergeant Richmond, but upon information and belief defendants Arrington and Richmond ignored protocol at the facility that they were required to follow in order to protect prisoners who were victims of sexual assault and sexual harassment and the defendants were deliberately indifferent to plaintiffs safety and medical needs.

29. On or about November 26, 2014 plaintiff Florence Walker went to the medical clinic located on the third floor of the Taconic Correctional Facility to receive medical treatment for a knee injury and she was forced to be treated by defendant Dr. Crosley Odell over objections she made to defendants Arrington and Richmond.

30. Sergeant Richmond told plaintiff that she would  be penalized with a misbehavior report  if she refused to be examined by defendant Dr. Crosley Odell at  the clinic.

31. Dr. Crosley Odell examined plaintiff  again on November 26, 2014 with the dopor to the examination room closed and without any nurses or other medical staff present for any portion of then  examination.

32. Dr. Crosley Odell instructed plaintiff to remove her pants and to sit  on the examination table and plaintiff complied with the Drs. instructions.

33. After Dr. Crosley Odell extended and bent both of plaintiff's knees, the Doctor instructed plaintiff to lay down on her back and plaintiff complied  with the Doctor's instructions.

34. Then  defendant  Dr.Crosley  Odcll  sexually  assaulted  plaintiff  again. Specifically, Dr. Odell  touched plaintiff inappropriately on her genitalia area and on the right side of her groin without any medical purpose or explanation whatsoever for examining or touching that region of plaintiff's body.

35. Plaintiff was startled and frightened when Dr. Crosley Odell touched her genitalia and plaintiff asked him what he was doing.

36. Defendant Dr. Crosley Odell advised plaintiff that he was trying to find her pulse in that area of her body and then he proceeded to place his stethoscope on plaintiff's pelvic area, lifted up plaintiff's bra, and touched plaintiff's right breast. Dr. Odell's physical contact with plaintiff's body was not medically justifiable and was intentionally done by Dr. Odell for sexual and power related purposes.

37. Plaintiff was extremely frightened by Dr. Odell's behavior and she asked him a second time what he was doing.  Dr. Odell told plaintiff he was conducting a breast exam. Plaintiff advised Dr. Odell that she did not b require a breast exam and  had acrually recently had one with a different doctor that worked in the clinic.

38. Plaintiff Florence Walker reported the sexual assault that occurred on November 26,, 2014 to several agencies and organizations, including but not limited to defendants Correction Officer Arrington and Sergeant Richmond, but upon information and belief defendants Arrington and Richmond ignored protocol at the facility that they were required to follow in order to protect prisoners who were victims of sexual assault and sexual harassment and the defendants were deliberately indifferent to plaintiffs safety and medical needs

39.  On or about December 1, 2014 plaintiff Florence Walker went to the medical clinic located on the third floor of the Taconic Correctional Facility to have her blood pressure checked and she was forced to have her blood pressure checked by defendant Dr. Crosley Odell over objections she made to defendants Arrington and Richmond.

40. Sergeant Richmond again told plaintiff that she would be penalized with a misbehavior report  if she refused to be examined by defendant Dr. Crosley Odell at  the clinic that day.

41. Plaintiff  was instructed to sit in a chair at Dr. Odell's desk inside of Dr. Odell's office.

42. Defendant Dr. Crosley Odell placed the blood pressure cuff on plaintiff's right wrist and lifted plaintiff's arm up across her chest and proceeded to sexually assault plaintiff for a third time.

43. Defendant Dr. Crosley Odell proceeded  to rub plaintiff's right breast while he held her hand so that her arm was positioned across her chest.

44. There was absolutely no medical purpose for Dr. Odell to rub plaintiff's right breast.

- 7 -

45. There were no nurses or other medical staff in the room while Dr. Odell was conducting the examination of plaintiff on December 1, 2014, but the door to the room was open while he was sexually assaulting plaintiff.

46. Defendant Dr. Crosley Odell's actions toward plaintiff on each of the three dates described *supra* were intentional and unwarranted.

47. Defendants' unlawful and unconstitutional behavior toward plaintiff caused plaintiff  to feel uncomfortable, and physically and emotionally violated causing plaintiff to suffer from mental and emotional anguish, nightmares, loss of sleep, heightened anxiety, and depression.

48. On each of the three dates described above where defendant Dr. Odell sexually assaulted plaintiff, defendant Odell used his position of authority and control over plaintiff as a medical doctor at a Prison to take advantage of plaintiff, a prisoner, her emotional state, and to physically take advantage of plaintiff by assaulting plaintiff and/or using excessive force against plaintiff.

49. Upon information and belief, defendant Dr. Odell was investigated by several investigative agencies, including but not limited to the New York State Department of Corrections Inspector General's Office and the New York State Police Bureau of Criminal Investigation  regarding  the allegations stemming from the aforementioned incident and other incidents wherein defendant was accused of engaging in similar misconduct.

50. As a result of the foregoing, plaintiff Florence Walker sustained, *inter alia*, severe emotional distress, pain and suffering, embarrassment and humiliation, and deprivation of her constitutional rights.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth And Fourteenth Amendment

## Rights

51. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully set forth at length herein.

52. The use of excessive force by defendant Dr. Crosley Odell in physically touching, assaulting, plaintiff, alone in a confined, room with the door closed was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

53. The individually named defendant was at all times an agent, servant, and employee acting within the scope of his employment by the State of New York and the Office of Court Administration, which are therefore responsible for their conduct.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION

## Violation of Plaintiff's Eighth Amendment and Fourteenth

## Amendment Rights

55. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56.  By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, defendant deprived plaintiff of rights remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force.

57. Defendant acted under pretense and color of state law and in his individual and official capacities and within the scope of his employment with the Office of Court Administration.  Defendant acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Eighth and Fourteenth Amendments to the United States Constitution.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION

## Violation of Plaintiff's Fourteenth Amendment Rights

## (Substantive Due Process)

59. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 58 with the same force and effect as if more fully set forth at length herein.

60. By reason of the foregoing, and by physically touching, assaulting, groping, plaintiff in a confined room inside of a prison, defendant deprived plaintiff of rights remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Due Process Clause of the

Fourteenth Amendment to the United States Constitution to be free from punishment as a pretrial detainee.

61. Defendant acted under pretense and color of state law and in his individual and official capacities and within the scope of his employment with the Office of Court Administration.  Defendant acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendments to the United States Constitution.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged, as well as her liberty interest without due process of law.

## FOURTH CAUSE OF ACTION

## Failure to Intervene, Failure to Protectb and Deliberate Indifference to Safety

63. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 62 with the same force and effect as if more fully set forth at length herein.

64. Defendants had an affirmative duty to intervene on behalf of plaintiff and to protect plaintiff from being subjected to sexual assault by defendant Dr. Odell after each subsequent incident occurred, whose constitutional rights were being violated in their presence by other defendants.

65. Defendants failed to intervene and protect plaintiff and to prevent the unlawful conduct described herein.

66. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

67. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff FLORENCE WALKER shall recover compensatory damages in the sum of $2,000,000 against the individual defendant, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendant, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §

\

By:         /s/
            STUART E. JACOBS
            DAVID M. HAZAN
            JACOBS & HAZAN, LLP
            Attorneys for Plaintiff
            30 Vesey Street, 4th Floor
            New York, New York 10007
            (212) 577-2690