

> Application granted. The parties shall submit a joint letter, by May 7, 2021, advising the Court of any dates that counsel and/or the parties are not available for trial between July 1, 2021 and September 30, 2021. The conference scheduled for February 24, 2021 is adjourned sine die. The Clerk is directed to terminate ECF No. 69.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern, U.S.D.J.
>
> Dated: New York, NY
>         February 9, 2021

**VIA ECF**
Honorable Philip M. Halpern
United State District Judge, SDNY
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Florence Walker v. Dr. Crossley O'Dell</u>, 17 Civ. 8120 (PMH)

Your Honor:

      I represent the plaintiff Florence Walker in the above-referenced matter. In that regard, I write to respectfully request that the Court adjourn the pre-trial conference and the trial of this matter presently scheduled for February 24, 2021 and March 10, 2021 respectively until at least the third quarter of the Court's 2021 calendar due to the COVID-19 pandemic. Such an adjournment should give the parties and counsel an opportunity to receive a COVID vaccine which will allow everyone to travel to and from court and attend the trial without nearly as much concern that they are placing their lives and the lives of their family members at risk. Counsel for Defendant shares the undersigned's concerns about COVID and consents to this application.

      There are several reasons why the adjournment is requested. First, it does not appear as if the parties will be able to comply with the February 2, 2021 SDNY Order restricting visitors to the courthouse. Counsel for defendant advises that the defendant in this matter is a medical provider inside of a New York State prison and is likely exposed to individuals who are COVID positive on a daily basis. In accordance with the Court's Order, the defendant in this matter would be required to quarantine for 14 days before appearing for the trial in this case and it would not be fair to require the defendant not to work for 14 days prior to the possible commencement of the trial in this matter.

      Second, counsel for plaintiff and plaintiff must take public transportation to and from the courthouse each day in order to attend the pre-trial conference and the trial. Taking a bus or the subway will require us to be present in an enclosed space for extended periods of time in close proximity to many other individuals. Unless it is an emergency or completely necessary, experts state that it is unadvisable and risky for a person to take public transportation at this time. Neither counsel nor plaintiff owns a vehicle and taking a taxicab or Uber is even more dangerous than taking public transportation according to many experts. Counsel for plaintiff and plaintiff submit that they should not be required to ride public transportation and place their health and safety at risk for the purpose of attending a civil trial that can easily be postponed for a few months until

Case 7:17-cv-08120   Document 69   Filed in NYSD on 02/03/2021   Page 2 of 2

they have had an opportunity to obtain a vaccine.  Additionally, in all likelihood anyone who travels using public transportation will likely come in "close contact" (defined by the court as less than 6 feet apart) with multiple individuals who are COVID positive and therefore would be prohibited from entering the courthouse pursuant to the Court's February 2, 2021 order. Furthermore, all individuals traveling to and from court on public transportation will be 60% more likely to contract the virus at the time of trial because the mutated COVID strains that are now appearing in the United States are predicted to become the dominant strains by March.

Third, the parties and some of the witnesses in this case are in higher risk categories associated with mortality if they contracted COVID-19.  Adjournment of this civil trial until such individuals can be vaccinated is therefore substantially in those individuals' best interests, and outweighs the risks imposed by requiring them to travel to and from court each day and sit in an indoor courtroom with jurors, attorneys, and court personnel for an extended period of time. Requiring these individuals to attend a civil trial before they are vaccinated will cause them to suffer from extreme anxiety and emotional distress throughout the trial and will create an unnecessary risk to their lives.

Finally, individuals within our society have approached the COVID virus very differently. Some people are not at all fearful of the virus and proceed with their normal lives, while others have altered their lives completely to increase the probability that they do not contract the virus. It is respectfully submitted that, regardless of how any individual approaches this virus, it is important to respect the steps taken by other individuals to remain safe and virus free.  We still do not know very much about this virus or the long-term effects that it has on people who contract it. Additionally, the recent emerging information concerning multiple variants of the virus supports a more cautioned approach in the face of this unknown. We respectfully request that the Court honor the views and the concerns presented by the parties involved in this case.

I want to assure the Court that the parties in this case and their counsel are in no way attempting to delay a resolution of this matter and under normal circumstances we would be happy to proceed with the trial at this juncture.  However, we do not feel safe traveling to and from court and attending a trial at the courthouse, especially in light of the mutated COVID strains which are reportedly 60% more transmissible and significantly more lethal.  Given that there are several vaccines that are already being distributed to prevent individuals from contracting the deadly virus, we hope that the Court will agree that plaintiff's request for the adjournment so that everyone has an opportunity to get vaccinated is reasonable.  We see no reason to place anyone's life at risk for the purpose of conducting a civil trial a few months earlier than we will otherwise be able to conduct the trial if we wait until everyone can be vaccinated.

For the reasons set forth herein, it is respectfully requested that the Court adjourn the pre-trial conference and the trial of this matter presently scheduled for February 24, 2021 and March 10, 2021 respectively until after at least the third quarter of the Court's 2021 calendar. This is the first request for such an adjournment, and I. thank the Court for its consideration of this matter.

Respectfully submitted,

/s/
DAVID M. HAZAN, ESQ.